**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.** | ) | |
| 1020 Hull Street | ) | |
| Baltimore, Maryland 21230 | ) | CIVIL ACTION NO. 15-cv-2311 |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| v. | ) | |
| | ) | |
| **TITAN INDUSTRIES, INC.** | ) | |
| 5252 Bolsa Avenue | ) | |
| Huntington Beach, California 92649, | ) | |
| | ) | |
| **CAROL DE LEON** | ) | |
| 5252 Bolsa Avenue | ) | |
| Huntington Beach, California 92649, | ) | |
| | ) | |
| **INTERNATIONAL FASHION ROYALTY** | ) | |
| **INC.** | ) | |
| 7095 Hollywood Boulevard | ) | |
| Suite 632 | ) | |
| Los Angeles, California 90028, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MOONSTONE, LLC** | ) | |
| 7095 Hollywood Boulevard | ) | |
| Suite 632 | ) | |
| Los Angeles, California 90028 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Under Armour, Inc. ("Under Armour"), alleges as follows, upon actual

knowledge with respect to itself and its own acts, and upon information and belief as to all other

matters:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement, trademark dilution, unfair competition, and cancellation/refusal of Defendants' trademark registration/application under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Maryland statutory and common law.  Under Armour seeks equitable and monetary relief from Defendants' willful violations of Under Armour's trademark rights in its famous  logo.

2.      Defendants have been offering for sale, selling, and promoting footwear products in conjunction with the  logo in violation of Under Armour's trademark rights.  Consumer confusion is not only likely from the use of this copycat logo; it has already happened.  Under Armour thus seeks to enjoin Defendants' unlawful logo and to recover actual damages (trebled), Defendant's profits (increased), attorneys' fees, costs, and/or other relief.

## THE PARTIES

3.      Plaintiff Under Armour is a Maryland corporation with a principal place of business at 1020 Hull Street, Baltimore, Maryland 21230.

4.      Defendant Titan Industries, Inc. is a Nevada corporation with a principal place of business at 5252 Bolsa Avenue, Huntington Beach, California 92649.

5.      Defendant Carol De Leon is an individual residing at 5252 Bolsa Avenue, Huntington Beach, California 92649.

6.      Defendant International Fashion Royalty Inc. is a California corporation with a principal place of business at 7095 Hollywood Boulevard, Suite 632, Los Angeles, California 90028.

7.      Defendant Moonstone, LLC is a California limited liability company with a principal place of business at 7095 Hollywood Boulevard, Suite 632, Los Angeles, California 90028.

8.      Upon information and belief, Defendants are all involved with the use and/or registration of the unlawful logo at issue in this case.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Because Under Armour is a citizen of the State of Maryland, Defendants are citizens of the State of California and Nevada, and the matter in controversy exceeds $75,000, exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over Under Armour's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

10.     This Court has general personal jurisdiction over Defendants based on their continuous and systematic contacts with Maryland, including their sale of products online to Maryland customers and product sale and shipment into Maryland.

11.     This Court has specific personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business in Maryland. Defendants (directly or through authorized agents) offer products bearing the logo that is the subject of this lawsuit for sale online to Maryland purchasers.  Under Armour's claims arise, in part, out of Defendants' contacts with Maryland.

12.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Under Armour's claims have occurred and are

continuing to occur in this District and Under Armour's trademarks at issue are located in this District, where Under Armour maintains its principal place of business.

**UNDER ARMOUR, ITS PRODUCTS, AND ITS FAMOUS TRADEMARKS**

13.     Under Armour is one of the world's most successful, popular, and well-known providers of footwear, apparel, sporting goods, and accessories.  Through Under Armour's innovative use of advanced engineering and technology, it has revolutionized the performance-product industry.

14.     Since at least as early as August 5, 1996, Under Armour has continuously used the distinctive trademark logo shown below and variations thereof (collectively, the "  logo") in connection with apparel.



15.     Over the years, Under Armour has expanded to a wide range of related products and services, including but not limited to footwear, headwear, accessories, and sports equipment. The distinctive  logo has been used and promoted across Under Armour's extensive product line.

16.     The  logo is applied to virtually all (if not all) of Under Armour's products and is prominently used in marketing, advertising, and other materials, including throughout Under Armour's website at www.underarmour.com, as shown in the examples below:



17.    The ⊗ logo appears on store signage and throughout Under Armour's retail stores, e.g.:

 

 

18.    The ⊗ logo is prominently featured on product packaging, stickers, hangtags, labels, and/or other product materials, e.g.:

  

19.     In-store displays and point-of-sale promotional and marketing materials for Under Armour's products also prominently feature the ⊞ logo.

## UNDER ARMOUR'S FOOTWEAR

20.     Among its products, Under Armour has for years offered a variety of footwear, nearly all of which feature its ⊞ logo, e.g.:







21.     Under Armour's ⚎ logo is displayed in various places on its footwear, e.g.:



## UNDER ARMOUR'S SALES AND PROMOTION OF ITS ⊣⊢ LOGO-BRANDED PRODUCTS

22.     Under Armour has sold billions of dollars' worth of products under the ⊣⊢ logo. In 2014 alone, Under Armour sold more than $3 billion worth of products.

23.     Under Armour's products are promoted, offered, and sold nationwide through a wide variety of retail means, including but not limited to thousands of retail stores.  These retail stores include Under Armour's own Factory and Brand House retail stores, as well as national, regional, independent, and specialty retailers such as *Nordstrom*, *Macy's*, *Academy Sports & Outdoors*, *Bass Pro Shops*, *Cabela's*, *Foot Locker*, *Finish Line*, *The Sports Authority*, *Dick's Sporting Goods*, *Dunham's*, *Modell's*, *Hibbett Sports*, and *The Army and Air Force Exchange Service*.

24.     For years, Under Armour has spent tens of millions of dollars annually advertising and promoting its ⊣⊢ logo and products to the general public.  Under Armour has widely and extensively promoted its ⊣⊢ logo and products through virtually every available type of print and digital media, including but not limited to print publications, signage, television, and/or the Internet.

25.     With respect to publications and signage, Under Armour has advertised and promoted its ⊣⊢ logo and products in a wide variety of nationally circulated magazines and newspapers.  Further, the ⊣⊢ logo has been featured on billboards and other signage in various cities, including but not limited to Baltimore, Philadelphia, and New York City's Times Square (shown below).  The logo has also been prominently featured in stadium and sport-event advertising, including, for example, placement on the left outfield wall at Wrigley Field, on the "Green Monster" at Fenway Park, and on digital signage at Camden Yards.



26.     Additionally, Under Armour has advertised and promoted its ⊞ logo and products through television commercials, including a television commercial during the Super Bowl, product placement in popular movies, national television programs, video games, and coverage of sporting events featuring its branded products, among other means.

27.     Under Armour also promotes and showcases its ⊞ logo and products on its own and authorized websites and social-media sites, including but not limited to www.underarmour.com, www.facebook.com/underarmour, and www.twitter.com/underarmour, among others, as well as through Under Armour's catalogs.  Further, Under Armour's ⊞ logo and products are advertised and/or sold through many of its retailers' websites, including but not limited to the websites used by *Nordstrom, Lord & Taylor, Macys.com, Bloomingdales.com, Cabela's, City Sports, Dick's Sporting Goods, Eastbay, Eastern Mountain Sports, Finish Line, Foot Locker, Gilt Groupe, Hibbett, LL Bean, Bass Pro Shops, MC Sports, Modell's, Sportsman's Guide,* and *Sportsman's Warehouse*.

28.    Sponsorships, outfitting agreements, and individual athlete agreements represent another significant form of advertising and promotion by Under Armour.  Under Armour's ⊞ logo and products are promoted through high-profile athletes and teams competing at the youth, collegiate, professional, and Olympic levels.  As a result, Under Armour's products are seen in action and receive substantial exposure to consumer audiences through the Internet, television, magazines, and at live sporting events.

29.    Since 2006, Under Armour has been an authorized supplier of footwear to the NFL and is currently also the official performance footwear supplier to the MLB and authorized supplier of gloves to the NFL.

30.    In addition to its own substantial advertising and promotional activities, Under Armour and its ⊞ logo and products have received and continue to receive widespread unsolicited media coverage.  Indeed, many of the athletes, teams, and sporting events sponsored by Under Armour appear on nationally broadcast television programs and in widely circulated publications, exposing tens of millions of consumers to the ⊞ logo.

31.    Under Armour has received numerous awards for its commercial success in connection with the development of its innovative and technologically enhanced products and its marketing and branding achievements.  In 2014, Under Armour received the prestigious "Marketer of the Year" Award from Advertising Age magazine.  Additionally, Yahoo Finance named Under Armour the 2014 "Company of the Year."

32.    As a result of Under Armour's extensive and continuous use and advertising of its ⊞ logo, the public has been exposed to, and for years has recognized, the ⊞ logo as Under Armour's distinctive trademark for apparel, footwear, sports equipment, accessories, and related products and services.

33.     As a result of the distinctive nature, and thus inherent strength, of the  logo as applied to Under Armour's products; the widespread advertising, publicity, promotion, and sales of products in connection with the  logo; and Under Armour's longstanding and extensive use of the  logo, the  logo has been well known and famous for years.

34.     Under Armour owns, among others, the following valid and subsisting U.S. federal trademark registrations for its  logo (and variations thereof) (printouts from the PTO database are attached as Exhibit A):

| Mark | Reg No. | Reg. Date | Products/Services |
|---|---|---|---|
|  | 3178547 | 11/28/06 | Footwear, in Class 25. |
|  | 3638278 | 6/16/09 | Online retail store services featuring apparel, footwear, sporting goods, eyewear, headwear, wrist bands, sweat bands, belts, gloves, hand-warmers, plastic water bottles sold empty, watches, sports bags, tote bags, travel bags, backpacks, golf bags, messenger bags, duffel bags, shoe bags for travel, toiletry bags sold empty, wheeled bags, waist packs, sling bags, umbrellas, towels, posters; Mobile retail store services featuring apparel, footwear, and sporting goods, in Class 35 |

| Mark | Reg No. | Reg. Date | Products/Services |
|---|---|---|---|
|  | 3722112 | 12/08/09 | Ankle socks; Athletic footwear; Athletic uniforms; Baseball caps; Baseball shoes; Baseball uniforms; Baselayer bottoms; Baselayer tops; Beach footwear; Bib overalls; Boxer briefs; Boxer shorts; Briefs; Capri pants; Children's headwear; Coats; Dresses; Fleece pullovers; Football shoes; Foul weather gear; Golf shirts; Golf trousers; Hooded pullovers; Hooded sweat shirts; Hunting vests; Knit shirts; Ladies' underwear; Long-sleeved shirts; Men's socks; Men's underwear; Mittens; Moisture-wicking sports bras; Moisture-wicking sports pants; Moisture-wicking sports shirts; Polo shirts; Rain jackets; Rain trousers; Rainproof jackets; Rainwear; Running shoes; Short-sleeved shirts; Ski bibs; Ski gloves; Ski jackets; Ski pants; Ski wear; Sleeveless jerseys; Snow pants; Snowboard gloves; Snowboard mittens; Snowboard pants; Soccer boots; Sport shirts; Sports bras; Sports jackets; Sports jerseys; Sports pants; Sports shirts; Sweat bands; Sweat pants; Sweat shirts; Tennis wear; Thongs; Thongs; Training shoes; Undershirts; Unitards; Visors; Waterproof jackets and pants; Wind pants; Wind resistant jackets; Wind shirts, in Class 25 |
|  | 4206287 | 09/11/12 | Bandanas; Baseball shoes; Basketball sneakers; Beachwear; Bib overalls for hunting; Bikinis; Camouflage gloves; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Cleats for attachment to sports shoes; Fishing shirts; Football shoes; Golf shorts; Hunting jackets; Hunting pants; Hunting shirts; Men's Dress socks; Sneakers; Swimwear; Volleyball jerseys; Yoga pants; Yoga shirts in Class 25. |
|  | 2727031 | 06/17/03 | Clothing namely; shirts, hats, pants, t-shirts, underwear, brassieres, shorts, headbands, wristbands and socks, in Class 25. |

-14-

| Mark | Reg No. | Reg. Date | Products/Services |
|---|---|---|---|
|  | 3375735 | 01/29/08 | Retail store services featuring apparel and sporting goods, in Class 35 |
|  | 3712051 | 11/17/09 | All purpose sport bags; All-purpose athletic bags; Athletic bags; Bags for sports; Daypacks; Golf umbrellas; Hiking bags; Shoe bags for travel; Umbrellas, in Class 18 |
|  | 2951069 | 05/17/05 | Wristbands, headbands, rain suits, jackets, socks, skirts, athletic sleeves, hoods, skull wraps, skull caps, vests, hats, shorts, shirts, leggings, pants, headwear for winter and summer, underwear, tank tops, bras, girdles, in Class 25. |
|  | 3630507 | 6/2/09 | Full line of athletic clothing; belts; clothing, namely, hand-warmers, in Class 25 |
|  | 3664983 | 8/4/09 | Clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves, in Class 25; Golf bags; bags specially adapted for sports equipment; golf gloves; batting gloves; football gloves; lacrosse gloves; mouth guards for athletic use; cases for holding mouth guards; athletic equipment, namely, guards for the lips; chin pads for athletic use; knee pads for athletic use; elbow pads for athletic use; forearm pads for athletic use; shin guards for athletic use; football girdles; protective athletic cups; jock straps, in Class 28 |
|  | 3438397 | 05/27/08 | Eyewear, namely, sunglasses, lenses for sunglasses and visors for use with helmets, in Class 9 |

| Mark | Reg No. | Reg. Date | Products/Services |
|---|---|---|---|
|  | 3901625 | 01/04/11 | Briefcases specially adapted for holding laptop computers; backpacks specially adapted for holding laptop computers; armbands specially adapted for holding mp3 players and cellular phones, in Class 9 |
|  | 4135825 | 05/01/12 | Eyewear; Goggles for sports, in Class 9 |
|  | 4143502 | 05/15/12 | Protective helmets for sports; baseball and softball batting helmets; protective eyewear, namely, lacrosse goggles, in Class 9 |
|  | 3880683 | 11/23/10 | Stickers, in Class 16 |
|  | 2991125 | 9/06/05 | Sport bags, travel bags, duffel bags, backpacks, sack pacs, and reservoir backpacks, in Class 18. |
|  | 3777932 | 4/20/10 | Messenger bags; Tote bags; Wristlet bags, in Class 18 |
|  | 3722375 | 12/08/09 | Football towels; Golf towels; Towels, in Class 24 |
|  | 3929388 | 03/08/11 | Baseball bat bags; Field hockey gloves; Field hockey stick bags; Lacrosse stick bags; Running gloves; Softball bat bags, in Class 28 |

| Mark | Reg No. | Reg. Date | Products/Services |
|---|---|---|---|
|  | 3944541 | 4/12/11 | Sporting goods, namely, sports balls, in Class 28 |
|  | 4388421 | 08/20/13 | Balls for sports; Basketballs; Footballs; Soccer balls; Volleyballs, in Class 28. |
|  | 4143501 | 05/15/12 | Lacrosse sticks; lacrosse stick heads; lacrosse stick shafts; lacrosse stick handles; lacrosse gloves; lacrosse arm guards; lacrosse shoulder pads; lacrosse elbow pads; and replacement parts for the foregoing goods, in Class 28. |
|  | 2991123 | 9/06/05 | Chin strap pads for use with protective helmets, in Class 9; toiletry kits, sold empty, in Class 18; sports bottles, sold empty, in Class 21; lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys, in Class 22; sports towels, in Class 24; gloves, in Class 25 |
|  | 3812081 | 06/29/10 | Baseball and softball equipment for catchers, namely, catchers' helmets, in Class 9<br><br>Baseball and softball equipment for catchers, namely, face masks, chest protectors, leg guards, knee supports, and replacement parts for the foregoing goods, in Class 28 |
|  | 4659907 | 12/23/14 | Bottoms; Jackets; Shorts in Class 25 |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
|  | 4142472 | 05/15/12 | Baseball caps; Beach shoes; Bib overalls; Bib overalls for hunting; Boots; Boots for sport; Bottoms; Camouflage gloves; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Caps; Cargo pants; Coats; Fleece pullovers; Fleece tops; Fleece vests; Flip flops; Footwear; Gloves; Hats; Headwear; Hiking boots; Hooded pullovers; Hooded sweat shirts; Hunting jackets; Hunting pants; Hunting shirts; Hunting vests; Jackets; Knitted caps; Lace boots; Leather boots; Leisure shoes; Long sleeve pullovers; Long-sleeved shirts; Mittens; Moisture-wicking sports shirts; Outdoor gloves; Outdoor mittens; Pants; Pullovers; Rain boots; Rain coats; Rain wear; Rainproof jackets; Rubber shoes; Sandals; Shirts; Shoes; Snow boots; Sports pants; Sweat shirts; T-shirts; Tee shirts; Tops; Trekking boots; Vests; Water proof boots; Water repelling boots; Water repelling leather boots; Wind resistant jackets; Wind vests; Winter boots, in International Class 25 |
|  | 4142449 | 05/15/12 | All purpose sport bags; All-purpose athletic bags; All-purpose carrying bags; Athletic bags; Back packs; Backpacks; Book bags; Duffel bags; Duffle bags; Hiking bags; Hunting bags; Messenger bags; Sport bags, in Class 18 |
|  | 4099384 | 2/14/12 | Thermal underwear; Underwear; Vests, in Class 25 |
|  | 3932605 | 3/15/11 | Beanies; Hats; Headwear; Hooded sweat shirts; Jackets; Long-sleeved shirts; Moisture-wicking sports pants; Pants; Polo shirts; Shirts; Short-sleeved shirts; Shorts; Socks; Sweat pants; Sweat shirts; T-shirts; Tank tops, in Class 25 |
|  | 3178548 | 11/28/06 | Footwear, in Class 25 |

| Mark | Reg No. | Reg. Date | Products/Services |
|---|---|---|---|
| **⊁SPINE** | 4347529 | 06/04/13 | Footwear, in Class 25. |

35.     Under Armour also owns the following valid and subsisting Maryland state

registrations:

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| | 2009-0060 | 05/1/09 | Footwear; athletic footwear; clothing, namely, shirts, shorts, pants, headwear, hats, baseball hats, caps, t-shirts, long sleeve shirts, short sleeve shirts, polo shirts, sweatpants, sweatshirts, hooded sweatshirts, jerseys, turtle necks, mock turtle necks, pullovers, underwear, brassieres, headbands, wristbands, socks, athletic socks, dress socks, skirts, skorts, athletic sleeves, hoods, skull wraps, skull caps, vests, leggings, tank tops, bras, sports bras, girdles, gloves, belts, hand-warmers, jackets, coats, unitards, baby clothing, bib overalls, snow pants, moisture-wicking shirts, compression shirts, compression pants, compression shorts, long underwear; full line of athletic clothing; clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves, in Class 39 |
| | 2009-0063 | 05/01/09 | Retail, online retail, and mobile retail store services featuring apparel, footwear, sporting goods, and accessories, in Class 53. |
| | 2009-0061 | 05/01/09 | Sunglasses; lenses for sunglasses; visors for use with helmets; watches; lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys; magnetic coded gift cards; electronic gift cards; sports towels, in Class 50. |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| | 2009-0062 | 05/01/09 | Chin straps for use with protective helmets; sports gloves; golf gloves; batting gloves; football gloves; lacrosse gloves; mouth guards for athletic use; athletic equipment, namely, guards for the lips; chin pads for athletic use; knee pads for athletic use; elbow pads for athletic use; forearm pads for athletic use; shin guards for athletic use; football girdles; protective athletic cups; jock straps; sports bottles, sold empty, in Class 22. |
| | 2009-0064 | 05/01/09 | Bags; sport bags; travel bags; duffel bags; backpacks; sack pacs; reservoir backpacks; toiletry kits, sold empty; golf bags; bags specially adapted for sports equipment |

## DEFENDANTS AND THEIR WRONGFUL ACTIVITIES

36.     Without Under Armour's authorization and approval, Defendants have been

offering, selling, and promoting footwear in connection with the  mark, e.g.:



37.     Defendants' products are sold online through their website

(http://www.wearfloggs.com/), as well as through various other online retailers such as

*Amazon.com*, *Nordstromrack.com*, *designerapparel.com*, and *heels.com*, among others.

38.     Like Under Armour, Defendants promote their ⬤ mark on the Internet and via social media such as *Facebook* (https://www.facebook.com/Wearfloggs), *Twitter* (https://twitter.com/wearfloggs), and *Instagram* (https://instagram.com/wearfloggs/).

39.     Evidencing the overlap between the parties' marketing/trade channels, Defendants' shoes are sold on some of the same websites where Under Armour's products are available for purchase, including, for example, amazon.com and 6pm.com.

40.     Defendants' placement of its mark on its products (appearing on the heel cushion of the shoes) also mirrors Under Armour's display of its ⊔ logo on its products, e.g.:



41.     Upon information and belief, Defendants had actual and constructive knowledge of Under Armour's rights in its  logo marks when they adopted their logo mark.  Defendants nevertheless intentionally used those marks in bad faith to take advantage of the tremendous reputation and goodwill of Under Armour and its famous logo and continue to do so knowing of the irreparable harm it will cause to Under Armour, Under Armour's logo, and the public.

42.     Defendants knew or should have known that Defendants'  mark infringes and/or dilutes Under Armour's  logo.  Thus, Defendants acted knowingly, willfully, maliciously, wantonly, fraudulently, in reckless regard of the truth, and in bad faith.

## DEFENDANTS' TRADEMARK APPLICATION AND REGISTRATION

43.     On April 9, 2015, Defendant Moonstone, LLC filed U.S. Trademark Application Serial No. 86592714 to register the  logo mark for "footwear" in International Class 25 with the PTO.

44.     On October 15, 2013, Defendants Titan Industries, Inc., Carol De Leon, and International Fashion Royalty, Inc., as a joint venture, obtained U.S. Trademark Registration No. 4418600 for the  logo mark for "shoes" in International Class 25.

## INJURY TO UNDER ARMOUR AND THE PUBLIC

45.     Defendants' use of the  logo (in vertical or horizontal orientation) has caused actual confusion and, if not enjoined, will continue to cause likely confusion, mistake, and deception as to the source of origin of Defendants and/or its products, and is likely to falsely

suggest a sponsorship, connection, or association of Defendants, their products, and/or their commercial activities with Under Armour.

46.     Defendants' use and registration of the ⬤ logo (in vertical or horizontal orientation) have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Under Armour and its ⬌ logo.

47.     Defendants' use and registration of the ⬤ logo mark (in vertical or horizontal orientation) have damaged and irreparably injured and, if permitted to continue, will continue to irreparably injure the public, who has an interest in being free from confusion.

48.     Defendants' actions described above have diluted and are likely to continue to dilute the distinctiveness and value of Under Armour's famous ⬌ logo.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

49.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 48 of this Complaint.

50.     Without Under Armour's consent, Defendants used and continue to use in commerce reproductions, copies, and colorable imitations of Under Armour's registered ⬌ logo in connection with the offering, distribution, and advertising of goods, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, Passing Off, and Unfair Competition**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

51.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 50 of this Complaint.

52.     Defendants' actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, their products,

and/or their commercial activities by or with Under Armour, and thus constitute trademark

infringement, false designation of origin, passing off, and unfair competition in violation of

Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**THIRD CLAIM FOR RELIEF**
**Trademark Dilution Under Section**
**43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

53.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 52 of this Complaint.

54.     Under Armour's  logo is famous, as that term is used in 15 U.S.C. § 1125(c),

and was famous before Defendants' first use of their  logo (or the filing dates for the

trademark applications for that logo), based on, among other things, the inherent distinctiveness

and federal registration of Under Armour's  logo and the extensive nationwide use,

advertising, promotion, and recognition of that mark.

55.     Defendants' actions, as described above, are likely to dilute the distinctive quality

of Under Armour's famous  logo by blurring in violation of Section 43(c) of the Lanham

Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement Under
### Md. Code Bus. Reg. § 1-414 *et seq.*

56.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 55 of this Complaint.

57.     Defendants' use, without the consent of Under Armour, of a reproduction and/or

colorable imitation of Under Armour's registered ⊷ logo in connection with the sale, offering

for sale, and/or advertising of goods or services, is likely to cause confusion, or to deceive as to

the origin of the goods or services, and thus constitutes trademark infringement in violation of

Md. Code Bus. Reg. § 1-414 *et seq.*

58.     Defendants' reproduction and/or colorable imitation of Under Armour's

registered ⊷ logo and application of that reproduction and/or colorable imitation to

Defendants' advertising, labels, prints, receptacles, signs, or wrappers that are intended to be

used with goods or services and/or in conjunction with the sale or other distribution of goods or

services in Maryland constitutes trademark infringement in violation of Md. Code Bus. Reg. § 1-

414 *et seq.*

## FIFTH CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition
### Under Maryland Common Law

59.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 58 of this Complaint.

60.     Defendants' actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendants with Under

Armour, or as to the origin, sponsorship, or approval of Defendants, their products, and their

commercial activities by or with Under Armour such that Defendants' acts constitute

infringement of Under Armour's proprietary rights in its  logo, misappropriation of Under

Armour's goodwill in those marks, and unfair competition under Maryland common law.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Under Armour respectfully demands a trial by jury on all

issues properly triable by a jury in this action.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Under Armour demands judgment against Defendants and

respectfully requests that this Court enter judgment in its favor on each and every claim for relief

set forth above and award it relief including, but not limited to, the following:

A.     An Order declaring that Defendants' use (and/or registration) of the  logo

(in vertical or horizontal orientation) infringes Under Armour's  logo, dilutes Under

Armour's  logo, and constitutes unfair competition under federal and/or state law, as detailed

above;

B.     A permanent injunction enjoining Defendants and their employees, agents,

partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies,

affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

(1)     From using, registering, or seeking to register the  mark (in vertical

or horizontal orientation) and/or any other trademarks, trade names, trade

dress, logos, and other names or identifiers that are confusingly similar to

or dilutive of the  logo, in any manner or form;

(2)     From representing or suggesting, by any means whatsoever, directly or

indirectly, that Defendants, any product or service offered by Defendants,

or any activities undertaken by Defendants, are sponsored or approved by, or are associated, affiliated, or connected with Under Armour in any way; and

(3)     From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

C.     An Order directing Defendants to destroy all products, packaging, signage, advertisements, promotional materials, stationary, forms, and/or any other materials and things that contain or bear Defendants' [mark] mark (in vertical or horizontal orientation) or any other marks, logos, designs, designations, or indicators that are confusingly similar to Under Armour's [logo] logo and/or dilutive of Under Armour's [logo] logo;

D.     An Order directing the Director of the PTO to abandon Application Serial No. 86592714 for [mark] and to cancel Registration No. 4418600 for [mark] with prejudice;

E.     An Order requiring Defendants to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, resellers, retailers, agents, partners, and/or representatives to address the likely confusion and dilution caused by use of the [mark] mark (in vertical or horizontal orientation);

F.     An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Under Armour's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.      An Order requiring Defendants to account for and pay to Under Armour any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

H.      An Order requiring Defendants to pay Under Armour damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg.  § 1-414 *et seq.*;

I.      An Order requiring Defendants to pay Under Armour all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

J.      An Order requiring Defendants to pay Under Armour punitive damages for trademark infringement and unfair competition under Maryland common law; and

K.      Other relief as the Court may deem appropriate.

Dated: August 6, 2015                          Respectfully submitted,


                                               */s/ Douglas A. Rettew*
                                               Douglas A. Rettew (29815)
                                               Anna B. Naydonov
                                               (*pro hac vice* in process)
                                               Eleanor B. Atkins
                                               FINNEGAN, HENDERSON, FARABOW,
                                                 GARRETT & DUNNER, LLP
                                               901 New York Avenue, N.W.
                                               Washington, D.C.  20001-4413
                                               (202) 408-4000

                                               Attorneys for Plaintiff
                                               Under Armour, Inc.